IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| BRUCE GREEN,<br><br>　　Plaintiff,<br>v.<br><br>TRI-CON, INC., d/b/a EXXPRESS MART PERSONNEL,<br><br>　　Defendant. | No. 1:21-CV-00481-MJT-ZJH |

# REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This employment discrimination case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending before the court is Defendant Tri-Con, Inc. d/b/a Exxpress Mart Personnel's ("Tri-Con") *Motion for Summary Judgment Based upon Failure to Timely File Lawsuit* ("Motion for Summary Judgment" or "Motion"). Doc. No. 26. In its motion, Tri-Con avers that Plaintiff Bruce Green exceeded Title VII's prescribed statute of limitations of ninety (90) days when he filed the present lawsuit. However, Tri-Con has failed to satisfy its evidentiary burden to show that the Equal Employment Opportunity Commission ("EEOC") mailed its original right-to-sue letter to Green, and as such, the undersigned recommends denying Tri-Con's pending motion.

## I.　Factual and Procedural Background

The instant motion arises from an underlying employment discrimination lawsuit. Plaintiff Bruce Green, an African-American man, worked for Tri-Con as a truck driver from October 30, 2017 until his termination on January 28, 2020. Am. Compl., Doc. No. 18 at 2, ¶¶ 6-10. Green

alleges that beginning in February 2018, and throughout his tenure, Tri-Con subjected him to "numerous and frequent" instances of "disparate and discriminatory treatment" due to his race and his age,[1] and retaliated against him for complaining about discrimination in the workplace, eventually terminating his employment. *See id.* at 3-4, 14, ¶¶ 14-15, 58-59.

On November 23, 2020 Green filed a charge of discrimination against Tri-Con with the Equal Employment Opportunity Commission ("EEOC"), alleging race and age discrimination, and retaliation. *Id.* at 10, ¶ 37. On February 4, 2021, the EEOC issued its "right-to-sue" letter, stating that it would not proceed further with an investigation, and that Green may file a lawsuit within ninety (90) days of receipt of the letter. *See* Ex. A to Def.'s Original Answer, Doc. No. 20-1 at 2. On September 22, 2021, Green, then proceeding *pro se*, filed the instant lawsuit against Tri-Con. Doc. No. 1. Thereafter, Green retained counsel, and on April 4, 2022, his attorney filed a *Notice of Appearance*. Doc. No. 12. On April 19, 2022, Green filed an *Amended Complaint*, alleging causes of action under Title VII, the Age Discrimination in Employment Act of 1967 ("ADEA"), and 42 U.S.C.§ 1981. *See* Doc. No. 18 at 10-15. Additionally, Green's *Amended Complaint* states that Green received his right-to-sue letter on June 25, 2021, not February 4, 2021, and that he timely filed the instant lawsuit within ninety (90) days of receipt thereof. *Id.* at 10, ¶ 37.

On July 27, 2022, Tri-Con filed the pending *Motion for Summary Judgment*, arguing that Green's present lawsuit is barred by Title VII's statute of limitations because the EEOC issued Green's initial right-to-sue letter on February 4, 2021, and his June 25, 2021 letter is merely a copy. Doc. No. 26. On August 11, 2022, Green filed his *Response to Defendant's Motion for Summary Judgment* ("Response") (Doc. No. 28), and on August 17, 2022, Tri-Con filed its *Reply*

---

[1] Tri-Con terminated Green's employment when Green was 63-years-old.

2

*in Support of its Motion for Summary Judgment* ("Reply").[2] The court will now turn to the pending motion.

## II. Legal Standard

### A. Rule 56(a): Summary Judgment

Summary judgment shall be rendered when the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it is relevant or necessary to the ultimate outcome of the case. *Id.* The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *See Celotex Corp.*, 477 U.S. at 323; *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 433 (5th Cir. 2005). The court resolves any doubts and draws all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986); *United States ex rel. Longhi v. United States*, 575 F.3d 458, 465 (5th Cir. 2009).

The movant must support its assertion by "citing to particular parts or materials in the record . . . showing that the materials cited do not establish the . . . presence of a genuine dispute, or [showing] that the adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56 (c)(1)(A)-(B). "[T]he court . . . may not make credibility determinations or weigh

---

[2] Tri-Con also filed a *Sur-Reply* to its own *Reply*, Doc. No. 30, however the undersigned granted Green's *Motion to Strike Defendant's Supplemental Reply* (Doc. No. 31). Doc. No. 35. As such, the court will not consider the merits of Tri-Con's *Sur-Reply*, namely, the exhibits containing email correspondence between Green and EEOC representatives.

3

the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255.

If the movant satisfies its burden, the burden then shifts to the nonmoving party to show that specific facts exist over which there is a genuine dispute or to rebut the charge that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex,* 477 U.S. at 325). Like the movant, the nonmovant must satisfy its burden through specific citations to the summary judgment evidence. *See* FED. R. CIV. P. 56(c)(1); *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)) (internal quotations omitted).

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). As a result, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (quoting *Harvill v. Westward Commc'ns, LLC, et al.*, 433 F.3d 428, 433 (5th Cir. 2005)). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

### III.     Discussion

In the instant motion, Tri-Con moves for summary judgment on all of Green's Title VII claims. Doc. No. 26. Specifically, Tri-Con contends, and Green agrees, that the EEOC issued its original right-to-sue letter on February 4, 2021. Doc. No. 26 at 4, ¶ 7. Tri-Con has attached a copy of this original dismissal and right-to-sue letter to its original *Answer* (Doc. No. 20), which is dated the same. Ex. A, Doc. No. 20 at 2. Tri-Con continues that there is a presumption that a recipient of a right-to-sue letter receives the letter in a range of three to seven days. Doc. No. 26 at 5, ¶ 9(b) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)). Therefore, Tri-Con maintains, Green presumably received this letter not more than seven business days later, on February 11, 2021, and his statute of limitations therefore expired ninety (90) days thereafter — on May 12, 2021. Doc. No. 26 at 5, ¶ 9(c). As such, Tri-Con asserts Green untimely filed his original complaint. *Id.*

In his *Response*, Green admits that the EEOC issued its right-to-sue letter on February 4, 2021, and attached the same *Dismissal and Notice of Rights* letter as an exhibit to its response. Pl.'s Resp., Doc. No. 28 at 1; Ex. 3 to Doc. No. 28-3 (right-to-sue letter). Green represents, however, that he did not receive this initial February 2021 right-to-sue letter, and proffers an affidavit stating the same. Aff. of Bruce Green, Ex. 1 to Doc. No. 28-1 at 2.

On June 25, 2021, Green contacted the EEOC for a status of his EEOC charge. Doc. No. 28 at 1. At that time, Green states he "learned, for the first time, that the EEOC had issued a right to sue." *Id.* On the same day, Green therefore requested a copy of his letter, and filed suit eighty-nine (89) days afterward, before the statute of limitations expired. *Id.* at 2. Principally relying on the text of both Title VII and his right-to-sue letter, Green urges that the statute of limitations does

5

not begin until the complainant *receives* the letter, "not from the date on the right to sue or from the date the right to sue was actually mailed to him." *Id.* Here, both parties are incorrect.

The text of Title VII's enforcement provision states, in principal part, that if the EEOC dismisses a charge filed with the Commission, then it "shall so notify the person aggrieved and *within ninety days after the giving of such notice* a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1) (emphasis added). This ninety-day limitation is strictly construed. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citation omitted).

Green is correct that "Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is *received* . . . ." *Id.* (emphasis in original); *see also Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 208 (5th Cir. 2015) (quoting *Bowers v. Potter*, 113 F. App'x 610, 612 (5th Cir. 2004) ("'[C]ommencement of the ninety-day period begins to run on the day that notice is received at the address supplied to the EEOC by the claimant.'")). Here, however, Green states he did not receive the EEOC's original February 4, 2021 right-to-sue letter.

At this juncture, Tri-Con repeatedly cites to *Taylor* for the presumption that "[w]hen the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *See* Def.'s Mot., Doc. No. 26 at 5; Def.'s Reply, Doc. No. 29 at 2. In *Jenkins v. City of San Antonio Fire Department*, however, the Fifth Circuit explicitly narrowed this presumption window to three days. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266 (5th Cir. 2015) (footnote omitted) (emphasis added) ("We conclude that, where the date of receipt is not known,[] courts should apply a presumption that *the plaintiff received the notice in three days*."); *Garcia*, 631 F.

6

App'x at 208 (emphasis added) ("When the date on which the right-to-sue letter was actually received is unknown, the Fifth Circuit follows the presumption that the letter was received *three days* after the mailing date of the letter.").

For this presumption to apply, however, the movant must provide evidence that the EEOC mailed the complainant's right-to-sue letter. For example, in *Gamel v. Grant Prideco, L.P.*, the Fifth Circuit faced nearly identical circumstances to the present case. 625 F. App'x 690 (5th Cir. 2015). There, employee Richard Gamel filed a charge with the EEOC for race and disability discrimination, and the EEOC issued its right-to-sue letter on May 20, 2014. *Id.* at 691-92. However, in a sworn declaration, Gamel "denied receiving a right-to-sue letter in May 2014." *Id.* at 692. Two months later, "Gamel sent an e-mail to an EEOC investigator, inquiring about the status of his case," and the investigator informed him that his case was dismissed and the EEOC had issued a right-to-sue letter. *Id.* The investigator then mailed Gamel a copy of his letter on June 26, 2014, which Gamel claims "was the first right-to-sue letter he received." *Id.* Gamel then filed his lawsuit within ninety (90) days of receiving the EEOC's June 2014 copy of his letter. *Id.*

As evidence that the EEOC sent Gamel's initial May 2014 right-to-sue letter, his former employer proffered: an affidavit of the EEOC employee responsible for mailing right-to-sue letters "in which she stated that her records indicated she mailed the right-to-sue letter on May 20, 2014"; the original May 2014 letter with a "Date Mailed" stamp on it; and an internal EEOC log indicating that the letter was mailed to Gamel on the same date. *Id.*; *id.* at 694-95. With this evidence, the Fifth Circuit cited to the mailbox rule, which provides that "[p]roof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Id.* at 694 (quoting *United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007) (per curiam)). "Placing a letter

7

in the mail may be proved by circumstantial evidence, such as evidence of the sender's standard mailing practices" or a sworn statement by the sender. *Id.* (citations omitted).

Only then did the court apply the *Jenkins* presumption that Gamel received the letter within three days, and that Gamel's sworn declaration of non-receipt was insufficient to rebut the presumption of receipt. *Id.* at 695 ("[R]eceipt of the copy does not imply the non-receipt of the original. Thus, with only his sworn declaration as evidence that he did not receive the right-to-sue letter in May 2014, Gamel has not provided sufficient evidence to prevent the application of a presumption of receipt.").

Similarly, in *Duron v. Albertson's LLC*, an employee produced a sworn affidavit denying receipt of her right-to-sue letter, and affirmed that when she received a copy of her EEOC right-to-sue letter, it was the first time either she or her attorney "'had ever seen this right to sue letter.'" 560 F.3d 288, 289-90 (5th Cir. 2009). There, the Court refused to apply the mailbox rule presumption of receipt because "Albertson's has not produced any business records or other physical evidence that the EEOC sent the notice of the right to sue. Albertson's submitted no affidavits in support of the mailing." *Id.* at 291. The Court then reversed the district court's grant of summary judgment in favor of the employer.

Here, applying both *Gamel* and *Duron*, the same principles control. Tri-Con urges the court to apply the presumption that an EEOC complainant receives their right-to-sue letter in three to seven days. Doc. No. 26 at 5. Notwithstanding that this presumption is plainly a *three-day* presumption, *Jenkins*, 784 F.3d at 266, it only applies after the EEOC mails the complainant their notice letter. *Garcia*, 631 F. App'x at 208 (emphasis added) ("[T]he Fifth Circuit follows the presumption that the letter was received *three days after the mailing date of the letter*."). Thus, for the court to apply this three-day presumption, the movant must first satisfy its burden to show

8

the mailbox rule applies in the first place. *Gamel*, 625 F. App'x at 692, 694-45; *Duron*, 560 F.3d at 291; *see also Acosta v. Tex. Dep't of Crim. Just.*, No. 3:21-cv-0816-B, 2022 WL 2440815, at *4 (N.D. Tex. July 5, 2022) (applying mailbox rule and presumption of receipt because employer provided evidence consisting of: an EEOC "Action History" log indicating when the case was decided; a letter with a "Date Mailed" stamp; and an affidavit of the EEOC employee responsible for mailing the right-to-sue letter who testified to EEOC mailing procedures and practices).

Therefore, in the absence of direct or circumstantial evidence that the EEOC mailed Green's right-to-sue letter, and with only a sworn affidavit by Green affirming non-receipt of the letter, Tri-Con has failed to satisfy its burden to show there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Aff. of Bruce Green, Ex. 1, Doc. No. 28-1 at 2; *Celotex Corp.*, 477 U.S. at 323; *Harvill*, 433 F.3d at 433. Accordingly, the undersigned recommends denying Tri-Con's instant motion.

### IV.    Recommendation

For the reasons stated above, the undersigned recommends denying Defendant Tri-Con, Inc. d/b/a Exxpress Mart Personnel's *Motion for Summary Judgment Based upon Failure to Timely File Lawsuit* (Doc. No. 26).

### V.    Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo*

determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge