# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE GREEN, | § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 1:21-CV-00481-MJT-ZJH |
| v. | § § | |
| TRI-CON, INC., | § § | JUDGE MICHAEL TRUNCALE |
| *Defendant*. | § § § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

On September 22, 2021, the Court referred this case to United States Magistrate Judge Zack Hawthorn for pretrial management. [Dkt. 1]. Pending before the Court is Defendant Tri-Con, Inc. ("Tri-Con")'s Motion for Summary Judgment. [Dkt. 41]. On October 17, 2023, Judge Hawthorn issued his Report and Recommendation, which recommends granting Tri-Con's Motion for Summary Judgment. [Dkt. 65]. On October 24, 2023, Plaintiff Bruce Green ("Green") filed his Objections to the Magistrate Judge's Report and Recommendation. [Dkt. 67]. On October 31, 2023, Tri-Con filed its Response to Plaintiff's Objections. [Dkt. 71].

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The Court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation and has carefully considered Green's objections. The Court finds that Judge Hawthorn's findings and conclusions of law are correct and that Green's objections are without merit.

1. **Objections to Judge Hawthorn's Analysis of Pretext Regarding Race and Age Discrimination Claims**

First, Green contends that Judge Hawthorn failed to address his assertion that Tri-Con staged his termination, meaning that Tri-Con first made the decision to fire Green and later manufactured the reason for his termination. [Dkt. 67 at 1–2]. Green further contends that his argument that Tri-Con staged Green's termination is a "major credibility issue." [*Id.* at 1]. Even if Tri-Con indeed "manufactured" a false reason for Green's termination after the fact, Green has not shown how this demonstrates racial or age discrimination by Tri-Con. As Judge Hawthorn correctly stated, to establish pretext, "the plaintiff retains the burden of persuading the factfinder that impermissible discrimination motivated the adverse employment decision." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 456–57 (5th Cir. 2019). Green was required to produce "substantial evidence" of pretext to meet this burden. *Watkins v. Tregre*, 997 F.3d 275, 283 (5th Cir. 2021). Green has not produced evidence showing that race or age discrimination motivated Tri-Con's decision to fire him. Accordingly, the Court overrules this objection.

2. **Objections to Judge Hawthorn's Analysis of Green's Proffered Comparators**

Second, Green generally objects to Judge Hawthorn's analysis of whether Green's comparators were similarly situated. [Dkt. 67 at 2, 7–8]. Specifically, Green contends that Judge Hawthorn only considered two of Green's proffered comparators, Ron Guarnere and Dustin Chamberlain, and failed to consider two other proffered comparators, Don Sealy and Wilma Talcott. [Dkt. 67 at 2].

Regarding Talcott, Green is correct that Judge Hawthorn did not consider Talcott in his comparator analysis, yet Green's Response to Tri-Con's Motion for Summary Judgment [Dkt. 51] never specifically offers Talcott as a comparator. Nonetheless, even if the Court analyzes Talcott

as one of Green's comparators, Green's proffered evidence about her employment with Tri-Con does not include *any* information about her disciplinary history at the company.[1] As the Fifth Circuit has stated:

> "[W]e require that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken under nearly identical circumstances. The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, *and have essentially comparable violation histories*."

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (emphasis added).

Judge Hawthorn correctly noted that a plaintiff must show that his proffered comparator has a comparable disciplinary history to his own. *See* [Dkt. 65 at 9] (noting that "nearly identical is not synonymous with perfectly identical, but a proper comparator must have a *comparable* number of disciplinary violations or infractions"). Green has not done so regarding Talcott. Thus, Judge Hawthorn's conclusion that Green failed to identify a similarly situated comparator for his race and age discrimination claims is correct. Accordingly, this objection is overruled.

Additionally, Green contends that Judge Hawthorn did not consider Don Sealy as a comparator regarding his prima facie case of race or age discrimination. [Dkt. 67 at 2, 4]. Judge Hawthorn did, in fact, consider Sealy as a comparator regarding Green's discrimination claim for termination and correctly concluded that Green did not show that Sealy had an "essentially comparable violation history" to Green, as he was required to do. [Dkt. 65 at 15–16]. While Judge Hawthorn did not consider Sealy as a comparator for Green's discrimination claim for reduced

---

[1] Green notes that Talcott expressed concerns about driving loads that were overweight on the axles [Dkt. 51 at 4], had been ticketed for driving an overweight load [*id.* at 8], had never had disciplinary actions placed in her file [*id.* at 11], was white and younger than Green when Green was terminated [*id.* at 14], received raises while he did not [*id.* at 14, 19], and that she drove a truck with fewer miles than Plaintiff [*id.* at 17].

hours, Green never specifically offered Sealy as a comparator for that claim.[2]  [Dkt. 51 at 13]. Nonetheless, even if Green offered Sealy as a comparator for the reduced hours claim, Green's evidence regarding Sealy does not show that Sealy had a comparable violation history to Green's. Thus, Sealy is an improper comparator for both of Green's discrimination claims. Accordingly, this objection is overruled.

Relatedly, Green also contends that Tri-Con has not produced any discovery related to Sealy's hours and Sealy's refusal to deliver a load. [Dkt. 67 at 2, 7]. Green had ample opportunity to file a motion to compel before the discovery deadline passed,[3] yet did not do so. Thus, the Court overrules this objection as well.

Finally, Green contends that Judge Hawthorn applied an overly stringent standard of proof regarding the comparator analysis because Judge Hawthorn required a showing of complete identity between Green and his comparators, which was an "essentially insurmountable" evidentiary bar. [Dkt. 67 at 3–4]. This is incorrect. Judge Hawthorn applied the correct Fifth Circuit standard, which requires that a plaintiff provide evidence of a comparator with a *comparable* number of disciplinary violations or infractions, not an identical number. *See* [Dkt. 65 at 9]; *Lee*, 574 F.3d at 260. Green failed to show that any of his comparators had a comparable number of disciplinary violations to his own in his response to Tri-Con's Motion for Summary Judgment [Dkt. 51]. Thus, Judge Hawthorn correctly concluded that Green failed to establish that he was similarly situated to his comparators. Accordingly, this objection is overruled.

---

[2] In his Response to Motion for Summary Judgment by Defendant Tri-Con [Dkt. 51], Green states "[f]or this claim, Green compares himself to the following White drivers: (1) Guarnere; (2) and Chamberlain." [Dkt. 51 at 13]. Sealy is not mentioned as a comparator for this claim.

[3] The discovery deadline closed on January 31, 2023. *See* [Dkt. 24 at 2].

### 3. Objections to Judge Hawthorn's Analysis of Whether Tri-Con Proffered a Legitimate, Non-Discriminatory Reason for the Reduction in Green's Hours.

Third, Green objects to Judge Hawthorn's conclusion that Tri-Con proffered a legitimate, non-discriminatory reason for the reduction in Green's hours regarding his discrimination and retaliation claims. [Dkt. 67 at 5, 8]. Green contends that Judge Hawthorn incorrectly "assumed" that Tri-Con had proffered a legitimate, non-discriminatory reason for Green's reduced hours when in fact, Tri-Con had failed to do so. [Dkt. 67 at 5]. The Court finds that Judge Hawthorn's analysis was correct: Tri-Con indeed produced evidence of a legitimate, non-discriminatory reason for Green's reduction in hours, supported by specific examples. In its *Response* [Dkt. 57], Tri-Con stated that "[t]o the extent that Green worked fewer hours and made less money than other drivers, including no pay raises, that outcome was based on his own lack of productivity . . . Green's position with Tri-Con was a performance-based job, and employees who did not meet expectations would not receive salary increases." In addition, Tri-Con stated "Green had fewer hours on the clock because of his own poor work ethic—not because of any discriminatory practices of Tri-Con." [Dkt. 57 at 6].

Judge Hawthorn correctly recognized that poor work performance is a legitimate, non-discriminatory explanation for an adverse employment action when supported by specific examples. *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 231 (5th Cir. 2015). Further, Judge Hawthorn correctly noted that the defendant's burden is one of production, not persuasion. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 236 (5th Cir. 2016). The Court is persuaded that Judge Hawthorn correctly found that Tri-Con proffered a legitimate, non-discriminatory reason for Green's reduction in hours, which met their burden of production and shifted the burden back to Green to prove pretext. Accordingly, the Court overrules this objection.

### 4. Objections to Judge Hawthorn's Analysis of the Same Actor Inference

Fourth, Green claims that Judge Hawthorn's analysis of the same actor inference is erroneous because the inference does not apply to the facts here. [Dkt. 67 at 6]. Green relies on *Castaneda v. Partida*, 430 U.S. 482, 499, 515–16 n.6 (1977) to support his assertion that the same-actor inference does not apply to race discrimination claims, but *Castaneda* is not relevant to this assertion. Additionally, Green's objection asserts that the Fifth Circuit recently refused to apply the same-actor inference to an age discrimination claim in *Allen v. United States Postal Service*, 63 F.4th 292, 302 (5th Cir. 2023), but this repeats his previous argument raised in his Response to Defendant's Motion for Summary Judgment. [Dkt. 51 at 23]. Accordingly, the Court overrules this objection.

It is, therefore, ORDERED that Plaintiff Bruce Green's Objections to the Magistrate Judge's Report and Recommendation Granting Defendant's Motion for Summary Judgment [Dkt. 67] are OVERRULED and Judge Hawthorn's Report and Recommendation Granting Defendant Tri-Con. Inc.'s Motion for Summary Judgment [Dkt. 65] is ADOPTED. Accordingly, Plaintiff Bruce Green's claims against Tri-Con are DISMISSED WITH PREJUDICE. The Court will enter a Final Judgment separately.

**SIGNED this 9th day of January, 2024.**

                                          Michael J. Truncale
                                          United States District Judge